UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENAE L. ENKEY née CHESTER,<br><br>    Plaintiff,<br><br>v.<br><br>NELSON CRUZ & ASSOCIATES, LLC,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT   3:19-cv-02039<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Dane L. Enkey née Chester ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Nelson Cruz & Associates, LLC ("NCA") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business and is headquarter in the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with its headquarters located at 9535 Forest Lane, Suite 114, Dallas, Texas 75243. Defendant's registered agent is Le Brocq Law Firm, PLLC and the registered agent address is 13355 Noel Road, 11th Floor, Dallas, Texas 75240.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. On or around July 31, 2019, Defendant began placing collection calls to Plaintiff's cellular phone number (480) XXX-5070.

9. At all times relevant to the instant action, Plaintiff was the sole owner, processor, and operator of the cellular telephone number ending in 5070.

10. Upon answering Defendant's call, Plaintiff was informed that NCA was attempting to collect a Citibank account for a credit line with Home Depot that she allegedly opened in 2010 ("alleged debt").

11. Plaintiff immediately informed Defendant's representative that she was not the owner of the alleged debt and did not recall opening a line of credit with Home Depot.

12. To Plaintiff's shock, Defendant's representative stated that Defendant would execute in order for wage garnishment and place a lien on her home if she did not make an immediate payment of at least $700.00 on the alleged debt.

13. The statutory period to sue on a consumer debt in Texas is four years.[1]

14. Despite not owing the alleged debt, Defendant's ability to take legal action against Plaintiff in relation to the alleged debt expired in 2014.

15. Fearing the loss of her home from a lien and through wage garnishment, Plaintiff made an instant payment of $700.00 attempting to satisfy the alleged debt.

16. On July 31, 2019, Plaintiff called Defendant to request a letter via email to verify the charges and Defendant's name.

17. On August 1, 2019, Plaintiff received an email from NCA contained a Collection Letter, attached hereto as Exhibit A ("Collection Letter"). At no time did Defendant's letter state Plaintiff's right to validate the alleged debt, pursuant to §1692g. Defendant was required to send a Plaintiff a 30-day validation notice.

18. Plaintiff was confused as the letter stated to pay $0.00, but also noted that her outstanding balance was $1,219.47.

19. Defendant's August 1, 2019 Collection Letter to Plaintiff is materially false, misleading, and deceptive as the alleged debt was not owed by Plaintiff and was time barred by more than 5 years.

20. Moreover, Defendant's Collection Letter is materially misleading and deceptive as it stated that Plaintiff's outstanding balance is $1,219.47, despite Plaintiff satisfying the alleged debt in full.

---

[1] *See* CIV PRAC & REM § 16.004(a)(3).

21. Defendants intentionally harassed and abused Plaintiff through false threats of wage garnishment and a lien on her home for failure to pay the alleged debt.

22. Defendant's harassing conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences, which were the result of ultimately baseless threats. Plaintiff was forced to pay $700.00 on a debt not legally owed.

23. The phone number that NCA most often uses to contact Plaintiff is (888) 757-3930, but upon information and believe, it may have used other phone number to place calls to Plaintiff's phone.

24. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further harassment in the future, thus incurring costs and expenses.

### COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. NCA is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

29. NCA is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

30. Defendant used the mail and telephone to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant violated 15 U.S.C. §§1692d, d(5), e(2), e(4), e(5), e(10), and f through its unlawful collection practices.

 a. **Violations of FDCPA §1692d**

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct when they harassed and abused Plaintiff into believing that she will have her wages garnished and have a lien placed on her house in order to secure payment towards the alleged debt. Moreover, Defendant harassed and abused Plaintiff into satisfying the alleged debt despite the alleged debt not being owed.

 b. **Violations of FDCPA §1692e**

33. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged debt.

34. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant attempted to collect the alleged debt from Plaintiff personally despite Plaintiff not owing the alleged debt and the alleged debt was over 5 years outside the statute of limitations to collect. Defendant knew Plaintiff did not have any legal obligation to pay the alleged debt when Plaintiff notified Defendant's representative on August 1, 2019. Despite having actual knowledge, Defendant continued to threaten Plaintiff in attempt to collect the alleged debt.

35. Furthermore, Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt as Defendant communicated that Plaintiff's wages will be garnished and that it would put a lien on her home if immediate payment was not made.

36. Defendant violated §1692e(2) by providing multiple outstanding amounts for the alleged debt. Defendant sent Plaintiff a letter containing a "PAY THIS AMOUNT" of $0 but also showed an outstanding balance of $1,219.47.

37. Defendant violated §1692e(4) when it mislead Plaintiff into believing that nonpayment on the subject debt will lead to immediate garnishment of Plaintiff's wages and a lien placed on her home.

38. Defendant violated §1692e(5) by threatening Plaintiff with wage garnishment and a lien on her home, and that Plaintiff would have to make a payment towards the alleged debt to prevent this from happening. Such threats employed by Defendant involved actions that legally cannot be taken against Plaintiff whether she paid the alleged debt or not.

39. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure immediate payment of the subject debt, Defendants led Plaintiff to fear for her freedom, thus driving Plaintiff to make a payment immediately.

    c. **Violation of FDCPA §1692f**

40. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt. The alleged debt was not owed at the time Defendant demanded payment by virtue Plaintiff not owing the alleged debt and it being time-barred. Instead, Defendant attempted to dragoon the Plaintiff into making a payment by making direct and invalid threats of dire consequences to her if she failed to pay on the alleged debt.

41. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the alleged debt did not belong to Plaintiff. Specifically, Plaintiff told Defendant's

representative that she was not the owner of the alleged debt. The representative proceeded to threaten Plaintiff with garnishment of her wages and placing a lien on her home.

42. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

43. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

44. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff DANAE ENKEY requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – DEFENDANTS' VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

47. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

48. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

      **a.  Violations of TDCA § 391.304**

49. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), states that, "…...a debt collector may not use fraudulent, deceptive, or misleading representation that employs…..misrepresenting the character, extent, or amount of the consumer debt…………"

50. Defendant violated § 392.304(8) when it falsely communicated to Plaintiff that if she did not make an immediate payment on the alleged debt, then Defendant will garnish her wages and put a lien on her home, when in fact Plaintiff did not owe the alleged debt and the the alleged debt was time-barred.

51. Moreover, Defendant attempted to collect the alleged debt despite it being almost 9 years old and with actual knowledge that Defendant could not take legal action to collect it as the statute of limitations had passed. This fraudulent and deceptive practice caused Plaintiff to panic and immediately attempt to find the funds to pay Defendant on a debt she did not owe.

52. Defendant's illegal threats where merely used to deceive and scare Plaintiff into making an immediate payment on the alleged debt.

53. Defendant's conduct was deceptive because it used such threats to scare Plaintiff into making a payment on the alleged debt. Plaintiff ultimately made a payment on the alleged debt because of Defendant's misleading and deceptive statements.

**WHEREFORE**, Plaintiff DENAE ENKEY requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: August 27, 2019                                                 Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com